UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:21-CV-00071-KKC-EBA

TYLER THOMAS ROGER ROSE, *et al.*,                                                    PLAINTIFFS,

V.                                   **REPORT & RECOMMENDATION**

JAMIE MOSLEY, *et al.*,                                                                DEFENDANTS.

*** *** *** ***

On July 29, 2021, the presiding District Judge in this action referred this matter to the undersigned for purposes of pretrial management and preparation of proposed findings of fact and conclusions of law on any dispositive motions. [R. 21]. In the same Order referring this matter to the undersigned, the District Judge ordered Plaintiff Tony Allen Stamper to file a document in the record advising the Clerk of the Court of his current mailing address and whether he intends to continue prosecution of his claims in this matter. [R. 21]. This order was returned to the Court as undeliverable. [R. 22]. Subsequent to the Order, numerous mailings addressed to Stamper's last known mailing address have been returned to the Court as undeliverable. [R. 22, 27, 33, 38, & 49].

Local Rule 5.3(e) requires "[a]ll pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." LR 5.3(e). In addition to the Local Rule permitting dismissal for failure to update his address, "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff

Page **1** of 3

to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit has stated,

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citations omitted).

Here, the record shows that Stamper has taken no steps to comply with LR 5.3(e), to apprise the Court of his whereabouts, conduct discovery, or otherwise litigate this matter.

The Court finds there is a clear record of delay or contumacious conduct by the plaintiff" herein. *Little* at 162. Accordingly, the Court finds that Stamper's dismissal from this action is appropriate. Having fully considered the matter, and the Court being otherwise being sufficiently advised,

**IT IS RECOMMENDED** that Plaintiff Tony Allen Stamper be **DISMISSED** as Plaintiff from this matter.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not enough to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not enough to preserve the right of appeal. *Howard v.*

*Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991).  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

Signed May 4, 2022.



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge